UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X    08-CV-5225
SHERENE McLEARY,

                       Plaintiff,                       **ANSWER TO COMPLAINT**

    -against-

RYDER TRUCK RENTAL and
VANCY W. PERRY,

                       Defendants.
------------------------------------------------------------------X

        Defendants, RYDER TRUCK RENTAL and VANCY W. PERRY by their attorneys, NEWMAN FITCH ALTHEIM MYERS, P.C., as and for their answer to plaintiff's complaint, respectfully allege upon information and belief as follows:

        1.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "4", "5", "6", and "7" of plaintiff's complaint.

        2.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the complaint, except admits that Mr. Perry was operating the vehicle with permission and consent.

        3.    Admits to the truth of the allegations contained in paragraph "2" of plaintiff's complaint.

        4.    Denies each and every allegation contained in paragraphs "8", "9", "10", "11", "12", "13", and "14" of plaintiff's complaint.

## AS AND FOR A FIRST, SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

5. That the comparative negligence of the plaintiff has barred her from relief against these answering defendants. If, in fact, the accident occurred as alleged in the complaint, said damages occurred as a result of the plaintiff's own provocation, carelessness, negligence, improper and culpable conduct and the plaintiff is thereby guilty of comparative negligence as a result thereof, in whole or in part, or alternatively, any verdict which may be found against the defendants will be reduced by the proportionate culpability of the plaintiff for her negligence, want of care and culpable conduct.

## AS AND FOR A SECOND, SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

6. That the service of process was not properly made or completed as to both defendants.

## AS AND FOR A THIRD, SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

7. As a further separate and complete affirmative defense to plaintiff's complaint, defendants allege that plaintiff, at all times mentioned in the complaint, having full knowledge of the dangers at hand assumed the risk of injury to herself; that despite said full knowledge, plaintiff voluntarily persisted in said activity, although she was free to stop said dangerous activity at any time; that any injury or damage resulting from the incident complained of was sustained by the plaintiff by reason of plaintiff's assumption of risk of injury to herself, and not otherwise.

## AS AND FOR A FOURTH, SEPARATE AND
## COMPLETE AFFIRMATIVE DEFENSE

8.  That in the event of any judgment or verdict on behalf of the plaintiff, the defendants are entitled to a set-off or verdict with respect to the amounts of any payments made to the plaintiff for medical and other expenses prior thereto pursuant to § 4545 of the CPLR.

### AS AND FOR A FIFTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

9.  This action does not fall within one or more of the exceptions set forth in CPLR § 1602 and thus the defendants are responsible only for their pro rata share of any verdict that may be rendered against them.

### AS AND FOR A SIXTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

10. That further the injuries complained of by the plaintiff was caused in whole or in part or were rendered more severe by virtue of the fact that plaintiff failed to utilize the seat belts, shoulder harnesses or other restraining devices attached to the vehicle in which she was riding at the time that the accident occurred.

### AS AND FOR A SEVENTH, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

11. That the complaint fails to state a cause of action upon which relief can be granted by virtue of the fact that plaintiff has failed to sustain serious injuries for which she is entitled to compensation as defined in 5102(4)(d) of the Insurance Law and is thus not entitled to relief by this Court.

*WHEREFORE*, these answering defendants **RYDER TRUCK RENTAL and VANCY W. PERRY** demands judgment dismissing plaintiff's verified complaint together with the costs and disbursements of this action.

Dated: New York, New York
June 12, 2008

NEWMAN FITCH ALTHEIM MYERS, P.C.

By: _____
Robert A. Fitch (RF2198)
Attorneys for Defendant
RYDER TRUCK RENTAL &
VANCY W. PERRY
14 Wall Street
New York, New York 10005-2101
(212) 619-4350
(File No.: JBH 16663)

To:   Michael T. Ridge, Esq.
      Attorney for Plaintiff
      910 Grand Concourse, Suite 1D
      Bronx, New York 10451
      (718) 590-5400

Robert A. Fitch (RF2198)
Newman Fitch Altheim Myers, P.C.
14 Wall Street
New York, New York 10005-2101
(212) 619-4350
Attorneys for DefendantS

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERENE McLEARY | : |
| Plaintiff, | : |
| vs. | : |
| RYDER TRUCK RENTAL and VANCY W. PERRY, | : |
| Defendants. | : No. CV- |

CERTIFICATE OF SERVICE

I certify that a copy of the answer was served upon the attorney of record for the plaintiff, Michael T. Ridge, Esq. by Regular Mail on June 12, 2008.

Dated: June 12, 2008

_____
Robert A. Fitch (RF2198)

Civ No.: 5225     Year 2008                    RJI No.                        Hon.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHERENE McLEARY,

*Plaintifsf,*

-against-

RYDER TRUCK RENTAL and VANCY W. PERRY,

*Defendants.*

## ANSWER TO COMPLAINT

NEWMAN FITCH ALTHEIM MYERS, P.C.
*Attorneys for Defendants*
Office and Post Office Address, Telephone

14 WALL STREET
NEW YORK, N.Y. 10005-2101
(212) 619-4350

| To | Signature (Rule 130-1.1-a) |
|---|---|
|  | Print name beneath |
| Attorney(s) for |  |

Service of a copy of the within                                          is hereby admitted.

Dated,
                                                                Attorney(s) for

Please take notice

NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

NOTICE OF SETTLEMENT
that an order                              of which the within is a true copy will be presented for
settlement to the HON.                                                     one of the judges
of the within named court, at
on                              at                M

Dated,                                         Yours, etc.
                                          NEWMAN FITCH ALTHEIM MYERS, P.C.
                                          *Attorneys for*
To                                             Office and Post Office Address
                                               14 WALL STREET
Attorney(s) for                                NEW YORK, N.Y. 10005-2101